UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SIMON INTERIORS, INC.
and MICHAEL SIMON,

                        Plaintiffs,

           -v.-

CHRISTOPHER BALAN and
BOARDER CONCEPTS L.L.C.

                        Defendants.

22 Civ. 8352 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    As initially removed from New York State Supreme Court, New York County, this case had three defendants: Wells Fargo Bank, N.A., Christopher Balan, and Boarder Concepts, L.L.C. ("BLC"). (Dkt. #1). On November 1, 2022, Plaintiffs and Wells Fargo reported that they had reached a settlement in principle and the Court conditionally discontinued the claims against that defendant. (Dkt. #10, 15, 17). This Order addresses the status of the remaining defendants.

    Plaintiffs served process on BCL on September 21, 2022. (Dkt. #11). Accordingly, BCL's deadline to answer or otherwise respond to the Complaint was October 12, 2022. (*See id.*). *See also* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer … within 21 days of being served with the summons and complaint[.]"). Today, more than two months after that deadline, BCL has neither appeared nor responded to the Complaint. If Plaintiffs wish to move for a default judgment against BLC, they shall move for a Certificate of Default on or before **January 26, 2023**. Detailed instructions on how to obtain a default judgment are available as Attachment A to the

Court's Individual Rules of Practice of Civil Cases. Plaintiffs are advised that failure to comply with this Order will result in dismissal of their claims against BCL for failure to prosecute. See Fed. R. Civ. P. 41(b); see also *DeBlasio* v. *Oliver*, No. 18 Civ. 6842 (KPF), 2020 WL 1673790, at *4 (S.D.N.Y. Apr. 6, 2020) ("A district judge may even, *sua sponte*, ... dismiss a complaint for lack of prosecution, and such dismissal is largely a matter of the judge's discretion.").

Separately, Plaintiffs have not yet effectuated service on Balan. Rule 4(m) proscribes a 90-day period for service following the filing of a complaint. Fed. R. Civ. P. (4)(m). If service is not timely effectuated, "the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* This action was commenced on September 30, 2022 (Dkt. #1), so the service period expired on December 29, 2022. The Court previously warned Plaintiffs that "failure to effectuate service on Mr. Balan within the period defined by Federal Rule of Civil Procedure 4(m) may result in with-prejudice dismissal of the claims against him." (Dkt. #13). Despite this notice, the Court will afford Plaintiffs three additional weeks to effectual service on Balan. If by **January 26, 2023**, Plaintiffs have not served Balan or shown good cause for their failure to do so, the Court will dismiss the claims against Balan without prejudice pursuant to Rule 4(m).

SO ORDERED.

Dated: January 5, 2023
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge